# EXHIBIT A

409    HSXU-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------X
SUKHWINDER SINGH,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, PORT AUTHORITY POLICE
DEPARTMENT, STEVEN NAPOLI and "JOHN DOE," name
fictitious, intended being that of Police Officer,

                  Defendants.
---------------------------------X

Index No.: 14716/2016
Date of Purchase: 12/29/2016

**SUMMONS**
Plaintiff designates
QUEENS
County as the place of trial

The basis of the venue is:
SITUS OF OCCURRENCE

To the above named defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
      December 7, 2016

PANYNJ Security
Agent, Received: E. Zolli
01.17.2017
11:25 AM

BILL HAMEL, ESQ.
SUBIN ASSOCIATES LLP
Attorneys for Plaintiff
Address and Telephone Number
150 Broadway – 23rd Fl
New York, New York 10038
(212) 285-3800
FILE NO.: 22966

Defendants Address:

NEW YORK CITY POLICE
DEPARTMENT
1 Police Plaza
New York, New York 10007

PORT AUTHORITY OF NEW YORK
AND NEW JERSEY
4 World Trade Center
150 Greenwich Street
New York, NY 10007

STEVEN NAPOLI
C/O NEW YORK CITY POLICE DEPARTMENT
1 Police Plaza
New York, New York 10007

PORT AUTHORITY POLICE DEPARTMENT
C/O Law Department of The Port Authority of New
York and New Jersey
2 Montgomery Street, 3rd Floor
Jersey City, New Jersey 07302.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------X
SUKHWINDER SINGH,

                        Plaintiff,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, PORT AUTHORITY POLICE
DEPARTMENT, STEVEN NAPOLI and "JOHN DOE," name
fictitious, intended being that of Police Officer,

                        Defendants.
-----------------------------------------X

**VERIFIED COMPLAINT**

    SUKHWINDER SINGH, by his attorneys, SUBIN ASSOCIATES LLP, complaining of the defendant herein, respectfully shows to this court and alleges as follows:

    1.    That at all times hereinafter alleged, the plaintiff, SUKHWINDER SINGH, was a resident of the Queens, City and State of New York.

    2.    That at all the times herein mentioned the defendant THE CITY OF NEW YORK, hereinafter referred to as "CITY", was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

    3.    That at all the times herein mentioned the defendant NEW YORK CITY POLICE DEPARTMENT, hereinafter referred to as "NYCPD", was and still is a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

    4.    That at all the times herein mentioned the defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, hereinafter referred to as "PORT AUTHORITY", was and still is a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York and New Jersey.

    5.    That at all the times herein mentioned the defendant PORT AUTHORITY POLICE DEPARTMENT, hereinafter referred to as "PAPD", was and still is a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York and New Jersey.

6. That at all the times herein mentioned, the defendant STEVEN NAPOLI, was and still is a police officer employed by defendant CITY, NYCPD, PORT AUTHORITY and PAPD..

7. That at all the times herein mentioned, the defendant STEVEN NAPOLI, Shield # unknown, was and still is a police officer employed by defendant CITY, NYCPD, PORT AUTHORITY and PAPD.

8. That at all the times herein mentioned, the defendant "JOHN DOE"," name fictitious, intended being that of Police Officer, Shield # unknown, was and still is a police officer employed by defendant CITY, NYCPD, PORT AUTHORITY and PAPD.

9. That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiffs with the Corporation Counsel of the defendant CITY and with the Comptroller of the defendant CITY, with the Legal Department of the defendant NYCPD, with the Legal Department of the defendant PORT AUTHORITY and with the Legal Department of the defendant PAPD and upon the defendants "JOHN DOE," name fictitious, intended being that of police officer, within 90 days after the cause of action herein accrued.

10. That 30 days have elapsed since filing Notice of Claim and that the hearing was not timely notice and that it was therefore waived.

11. That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller of the defendants CITY and the Legal Department of the defendant NYCPD, with the Legal Department of the defendant PORT AUTHORITY and with the Legal Department of the defendant PAPD for adjustment and that they have neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year after the cause of action accrued.

12. That hereinafter, Defendants STEVEN NAPOLI and "JOHN DOE," name fictitious, intended being that of police officer, shall hereinafter be referred to as Police Officers.

13. That on 10/2/2015, at the premises located at JFK, Terminal 8, Queens, New York, defendant Police Officers did verbally and physically abuse plaintiff and did commit an assault and battery upon plaintiff, causing severe personal injuries, and serious bodily harm and negligently inflicted emotional harm to plaintiff.

14. That on 10/22015, defendant Police Officers did handcuff, falsely arrest, falsely charge, unlawfully detained and maliciously prosecuted plaintiff with the penal law violation of felony, assault and violations of resisting arrest, disorderly conduct and obstruction of governmental authority.

15. That all charges against plaintiff arising out of the aforementioned incident have found the plaintiff SUKHWINDER SINGH not guilty, or resulted in the acquittal of the plaintiff SUKHWINDER SINGH by the Court.

16. That the aforesaid acts of defendant Police Officers were negligent, willful, intentional and/or unwarranted and without any just cause or provocation.

17. That at all times herein mentioned, and specifically on the 10/2/2015, defendant Police Officers, were on duty as police officers for defendants CITY, NYCPD, PORT AUTHORITY and PAPD.

18. That at all the times herein mentioned, and specifically 10/2/2015, defendant Police Officers, were in uniform as police officers for defendants CITY, NYCPD, PORT AUTHORITY and PAPD.

19. That at all the times herein mentioned, and specifically 10/2/2015, defendant Police Officers were acting within the scope of their employment as police officers for defendants CITY, NYCPD, PORT AUTHORITY and PAPD.

20. That the defendants CITY, NYCPD, PORT AUTHORITY, PAPD and Police Officers, their agents, servants and/or employees were negligent in performing their duties; in failing to protect plaintiff from actual and imminent harm, in hiring and/or retaining in its employ personnel who are violent and/or possess violent propensities, persons, who would assault and commit battery on law abiding individuals, law enforcement personnel who make an arrest without reasonable cause; in failing to adequately train and supervise its personnel; in causing, allowing and/or permitting unwarranted use of force against plaintiff; and in causing, allowing or permitting its personnel to improperly effectuate arrest, all in violation of statutes, ordinances and regulations; in causing the negligent infliction of emotional distress.

21. That at all the times herein mentioned, the actions of the defendant Police Officers were negligent and not in accordance with proper police procedures and regulations.

22. That said occurrence and the resulting personal injuries to the said plaintiff were caused through no fault of his own, but were caused solely and wholly by reason of the intentional and negligent tort of the aforementioned defendants as set forth above.

23. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as he has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SUKHWINDER SINGH

24. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

25. That on or about 10/2/2015, the defendant Police Officers, did verbally, physically, intentionally, maliciously and deliberately abuse the plaintiff SUKHWINDER SINGH, with neither provocation nor privilege, and did commit an assault and battery upon plaintiff, causing severe personal injuries and serious and permanent bodily harm to the plaintiff.

26. That at the time of such malicious prosecution, the defendant Police Officers, were employees of the defendants and was acting as the defendants' agents in doing the acts complained of herein and was acting within the scope of their authority and while they were acting or attempting to be acting in the defendants' interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### IN BEHALF OF PLAINTIFFSUKHWINDER SINGH

27. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

28. That on or about 10/2/2015, the defendant Police Officers, were negligent in causing and allowing and/or permitting his body or parts thereof to come in contact with the person of the plaintiff in such a manner as to cause severe personal injuries and serious and permanent bodily harm

to the plaintiff

## AS AND FOR A FOURTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF SUKHWINDER SINGH

29. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

30. That on or about 10/2/2015, the defendant alleged that he had been criminally and feloniously assaulted by the plaintiff, thereupon without warrant, probable cause or sufficient justification, arresting the plaintiff on the alleged charges and restraining and booking the plaintiff and depriving the plaintiff SUKHWINDER SINGH of his liberty.

31. That the charges filed by the defendant Police Officers, were false and unsupported by the facts or the evidence.

32. That in making this charge and in causing the arrest and detention of the plaintiff SUKHWINDER SINGH the defendant Police Officers, acted maliciously, wrongfully, improperly and with negligence and/or intent to injure the plaintiff and with reckless disregard of the safety of the plaintiff.

33. That the charges brought by the defendant Police Officers found the plaintiff not guilty or the plaintiff was acquitted by the Court.

34. That at the time of such malicious prosecution, the defendant Police Officers, were employees of the defendants and was acting as the defendants' agent in doing the acts complained of herein and was acting within the scope of his authority and while he was acting or attempting to be acting in the defendants' interest.

35. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this

Court.

## AS AND FOR A FIFTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF SUKHWINDER SINGH

36. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

37. That on 10/2/2015, the plaintiff SUKHWINDER SINGH was charged by the defendant Police Officers, with criminal trespass and unlawful solicitation.

38. That this arrest was illegal and without basis in fact or authority of law.

39. That plaintiff SUKHWINDER SINGH was deprived of his liberty for over twenty-four hours, was held in the detention cells of the police station and then held in the detention cells of Central Booking and then held in the detention cells of the Courthouse.

40. As a result of the false arrest and illegal imprisonment which the plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, were incurred to secure his release.

41. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

## AS AND FOR A SIXTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF SUKHWINDER SINGH

42. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

43. That on or about 10/2/2015, the defendants' acts constituted a willful and wanton disregard of the safety and Civil and constitutional rights of the plaintiff.

44. That on or about 10/2/2015, the defendants' acts constituted at targeting of the

plaintiff based on sexual orientation and ethnicity.

45. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### IN BEHALF OF PLAINTIFF SUKHWINDER SINGH

46. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

47. That the aforementioned assault and battery by defendant Police Officers, upon the plaintiff, while in the employ of defendants CITY, NYCPD, PORT AUTHORITY and PAPD, was negligent, intentional, willful, wanton, vicious and with malice.

48. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, lame and disables; has been as he has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to her damages in an amount which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

49. That by reason of the foregoing, plaintiff demands punitive damages against defendants herein in an amount which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### IN BEHALF OF PLAINTIFF SUKHWINDER SINGH

50. Plaintiff repeats and realleges each and every allegation of the preceding cause of

action as if fully set forth herein at length.

51. That the aforementioned defendant Police Officers, while in the employ of defendants, negligently inflicted emotional distress on plaintiff SUKWINDER SINGH.

52. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, lame and disables; has been as he has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to her damages in an amount which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

53. That by reason of the foregoing, plaintiff demands punitive damages against defendants herein in an amount which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

WHEREFORE, the plaintiff(s) demands judgment against the defendants on the FIRST Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the SECOND Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court, plaintiffs demands judgment against the defendants on the THIRD Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the FOURTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the FIFTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the SIXTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the SEVENTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the EIGHTH Cause of Action in an amount which exceeds the jurisdictional limits

STATE OF NEW YORK

COUNTY OF NEW YORK ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
December 7, 2016

_____
BILL HAMEL, ESQ.

of all lower courts and which warrants the jurisdiction of this Court;; together with the costs and disbursements of each cause of action.

Dated: New York, New York
December 7, 2016

BILL HAMEL ESQ.
SUBIN ASSOCIATES LLP
Attorneys for Plaintiff
Address and Telephone Number
150 Broadway – 23rd Fl
New York, New York 10038
(212) 285-3800
FILE NO.: 22966

Index No:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------
SUKHWINDER SINGH,

          Plaintiff,

   -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY, PORT AUTHORITY POLICE
DEPARTMENT, STEVEN NAPOLI and "JOHN DOE,"
name fictitious, intended being that of Police Officer,

          Defendants.
---------------------------------------------------

### SUMMONS AND VERIFIED COMPLAINT
---------------------------------------------------

**SUBIN ASSOCIATES LLP**
Attorneys for Plaintiff
Office and Post Office Address, Telephone
150 Broadway – 23rd Fl
New York, New York 10038
(212) 285-3800
File No.: 22966